### Aaron Weinberg v. Village of Augusta.

1. ORDINANCE—*when admission of entire, is proper.* In a prosecution for a violation of a particular section of an ordinance it is proper to admit the entire ordinance where such practice will aid the jury in a fair understanding of the particular section forming the basis of the prosecution.

Action commenced before justice of the peace. Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

ADOLPH WEINBERG and FRANK HALBOWER, for appellant.

WILLIAM B. HILLER and WILLIAM H. HARTZELL, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This suit was commenced before the police magistrate

of the village of Augusta upon the complaint of E. P. Fos-
dyck charging against the defendant Weinberg a violation
of section seven of ordinance seven of the village. The
ordinance prohibited the running at large within the limits
of the village, of cows, hogs and divers other animals, and
makes it the duty of the village constable to take up and
place in the village pound any such animal so found run-
ning at large. Section seven imposes a penalty of not less
than three dollars upon any person who shall rescue or at-
tempt to rescue from the custody of the village constable
any such animal by him found running at large.

Upon a trial before the police magistrate the defendant
was found guilty, and upon trial of his appeal in the Cir-
cuit Court he was found guilty and fined three dollars.

Upon the trial the court admitted in evidence the whole
of said ordinance number seven. It is claimed by counsel
for appellant that this was error, that thereby the jury
were confused as to the issue in the case and that only sec-
tion seven should have been admitted. It is stated by
counsel that the instructions by the court are correct. The
instructions are clear and precise as to the issue. There is
nothing in any section of the ordinance tending to confuse
or mislead the jury, but on the contrary the entire ordi-
nance was properly admitted in order that there might be
a fair understanding by the jury of section seven. It is
also claimed that the court erred in admitting over defend-
ant's objection proof offered by the village that Fosdyck
was *de facto* village constable. It is insisted that in such
case it was incumbent on the village to prove that he was
constable *de jure*. No error was committed in this respect.
The acts of officers *de facto* are as valid and effectual when
they concern the public or the rights of third persons as
though they were officers *de jure*. Sharp v. Thompson,
100 Ill. 449; Pritchett v. People, 1 Gil. 529.

Again it is urged that the verdict is against the evidence.
The most that can be said in appellant's behalf upon that
question is that the evidence is conflicting. It cannot be
said that the verdict is clearly against the weight of the

evidence. In such case we can only say, as we have many times before said, that we cannot interfere, that we cannot assume the place of the trial judge and jury.

The judgment will be affirmed.

*Affirmed.*